Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 02 C 0480 | DATE | JAN. 15, 2003 |
| CASE TITLE | NATIONAL SATELLITE SPORTS, INC., etc. v. MARSHA'S JAM, INC., etc., et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to vacate default [16-1] is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 16 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN 15 PM 5:08 | Jan. 15, 2003 | |
| | | FILED-ED 10 | date mailed notice | |
| CW | courtroom deputy's initials | | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 16 2003

NATIONAL SATELLITE SPORTS, INC., )
a Florida corporation, )
)
        Plaintiff, )
)
v. ) No. 02 C 0480
)
MARSHA'S JAM, INC., an Illinois )
corporation, d/b/a Marsha's Jam, )
TYRONE BANKS, individually, and )
BRENDA BANKS, individually, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff National Satellite Sports, Inc. brought this action alleging that defendants violated the Cable Communications Policy Act of 1984. Plaintiff alleges that it had the exclusive license to broadcast a particular boxing match and that defendants showed that broadcast at their establishment without proper authorization. Named as defendants are Marsha's Jam, Inc. and its alleged owners/managers, Tyrone and Brenda Banks. Presently pending is defendants' motion to vacate the default judgment that was entered against them.

The complaint in this action was filed on January 22, 2002. On March 13, 2002, defendants answered the complaint and



their attorney filed his appearance. On April 24, 2002, a status hearing was held and it was ordered that all discovery be completed by June 26, 2002. Also, a status hearing was set to be held on that date. On June 26, defendant failed to appear and plaintiff presented its previously noticed motion to compel defendant to respond to first set of interrogatories and first request for production of documents. The motion to compel was granted. Defendants were ordered to respond to both the interrogatories and production request within seven days.[1] On July 11, 2002, plaintiff filed its motion for entry of judgment based on defendants' default in not providing the responses within seven days. The motion was presented on July 17 and granted in part, with defendants being found in default and a prove-up set for July 31. Again, defendants had not appeared at the July 17 motion hearing. Defendants were provided with notice

---

[1] The actual minute order reads: "Plaintiff's motion to compel is granted. Defendants are ordered to respond to plaintiff's First Set of Interrogatories and First Request for Production of Documents within seven days." The docket entry entered by a docket clerk, a copy of which was mailed to defendants, reads: "Plaintiff's motion to compel defendant to respond to first set of interrogatories and first request for production of documents is granted [5-1]. Defendants are ordered to respond to within 7 days to interrogatories [sic]." Although there was a clerical error in the notice sent to defendants, the contents of the motion and the statement that the motion was "granted" would have made it apparent that defendants were to respond to both the interrogatories and production request. Plaintiff also provides a copy of a June 27, 2002 facsimile sent from plaintiff's counsel to defendants' counsel informing him the motion had been granted and that defendants should provide the "respons_es_" by July 3, 2002.

of both the motion and the default order. Defendants did not appear at the prove-up and the matter was taken under advisement. In an order dated August 13, 2002, it was directed that a default judgment be entered in favor of plaintiff in the amount of $13,625.00 damages and $500.00 attorney fees. Judgment was entered on August 14.

On September 10, 2002, defendants filed a motion to vacate the default and noticed it for presentation on October 2, 2002. The motion requested that the default judgment be vacated stating, without any additional support or assertions: "1. Defendants were held in default for failure to answer discovery. 2. That defendants have now answered discovery and desire they [sic] day in court." Neither side appeared in court on October 2 and the motion was ordered stricken.

On October 10, defendants filed an identical motion (with the same grammatical/typographical error) and additionally attached a copy of their interrogatory answers. The interrogatory answers are not dated and there is no indication as to when they were provided to plaintiff. The motion was noticed to be presented on November 6, 2002. Both sides appeared on November 6 and a briefing schedule was set for the motion.

In its answer, plaintiff contends the judgment should not be vacated because defendants have not shown mistake, inadvertence, surprise, or excusable neglect under Fed. R. Civ.

P. 60(b)(1). Plaintiff points to defendants' failure to appear at the June 26, July 11, July 31, and October 2 hearings. They also point to the fact that the initial motion to vacate judgment was not to be presented until approximately a month and half after the judgment was entered[2] and that, after failing to appear at that hearing, defendants did not actually present their motion until more than a month later. More specifically, plaintiff points out that defendants have not offered any explanation for their failures to appear or delays in responding to discovery. Moreover, plaintiff additionally asserts that defendants have not yet responded to the request to produce documents.

In their reply, defendants still offer no explanations for their delays in responding to discovery and failing to appear at most of the court hearings that they missed. They again conclusorily assert that "discovery has now been complied with," but do not specifically state that they have responded to the request to produce documents nor specifically deny plaintiff's assertion that they had not yet responded. They do refer to some mix up with the dates for presenting the motion to vacate,[3] but

---

[2]Although not set for presentation until October 2, the motion was actually filed on September 10, 27 days after the entry of judgment.

[3]Defendants assert that the initial motion to vacate "was set for hearing on October 11 [sic?], 2002. Unknown to defendant's attorney, the notice was changed to November 2 [sic?], 2002, whereby neither Plaintiff nor defendant [sic] attended the motion."

still offer no explanation for the other missed dates or the delay in responding to discovery.

"A district court will grant relief from a final judgment pursuant to Rule 60(b) only in exceptional circumstances and has great latitude in which to make its decision. See Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986) ('The decision under 60(b) is discretion piled on discretion.'). A court may vacate a default judgment when the moving party demonstrates (1) good cause for its default; (2) quick action to correct the default; and (3) a meritorious defense to the plaintiff's complaint." Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir.), cert. denied, 517 U.S. 1244 (1996). Accord Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). The burden is on the movant to show that these three requirements are satisfied. Phipps, 39 F.3d at 162. Other factors may also influence the decision. "The court must weigh the burden on its docket, the legitimate reliance on the default by the nonmoving party, and the policy considerations favoring termination of stalled litigation against the possibility of injustice based, in part, upon the substantive merit of the nonmovant's claims and the moving party's proffered excuses for the default." Swaim, 73 F.3d at 722.

Here, defendants have offered no explanation as to the cause for their delay in responding to discovery and have not clearly set forth that they have now responded to all outstanding

discovery.[4] Defendants have not met their burden of showing that they are entitled to have the default judgment vacated. Their motion will be denied.

IT IS THEREFORE ORDERED that defendants' motion to vacate default [16-1] is denied.

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

DATED: JANUARY 15, 2003

---

[4] Plaintiff does not raise any issue as to defendants' failure to assert that they have a meritorious defense to the action. Although the motion to vacate and defendants' reply contain no such express assertion, their answers to interrogatories contain responses stating that they did not receive the boxing match transmission at their establishment.